810 F.2d at 1139. Thus, the court finds the Commission did not abuse its discretion in not considering the factor of price sensitivity in this determination.

CONCLUSION

For reasons stated above, the court holds that the Commission's preliminary injury determination with respect to the alleged LTFV imports from Trinidad and Tobago is not arbitrary, capricious or an abuse of discretion, and is otherwise in accordance with law. Accordingly, the Commission's preliminary determination is affirmed.

.850 F.Supp. 52

CRESWELL TRADING CO., INC., SOUTH BAY FOUNDRY 1989, D & L SUPPLY CO., SOUTHERN STAR, INC., CITY PIPE & FOUNDRY, INC., CAPITOL FOUNDRY OF VIRGINIA, INC., VIRGINIA PRECAST CORP., AND TECHSALES, INC., PLAINTIFFS, AND CRESCENT FOUNDRY CO. P. LTD., ET AL., PLAINTIFF-INTERVENORS *v.* UNITED STATES, DEFENDANT, AND ALLEGHENY FOUNDRY CO., ET AL., DEFENDANT-INTERVENORS

Consolidated Court No. 91–01–00012

(Dated April 25, 1994)

ORDER

DiCARLO, *Chief Judge:* In conformity with the order and opinion of the United States Court of Appeals for the Federal Circuit, it is hereby

ORDERED that this action is remanded to the United States Department of Commerce, International Trade Administration for further proceedings in conformity with the order and opinion of the United States Court of Appeals for the Federal Circuit; and it is further

ORDERED that Commerce shall file its remand results with the court within 45 days of the date of this order; and it is further

ORDERED that any party contesting the remand results shall file comments with the court within 30 days of the remand results.